978 So.2d 1033 (2008)
JOHN C. BOSE CONSULTING ENGINEER, LLC
v.
JOHN T. CAMPO & ASSOCIATES, INC., Architects/Planners.
No. 2007-CA-1001.
Court of Appeal of Louisiana, Fourth Circuit.
February 20, 2008.
*1034 Larry G. Canada, Andrea L. Albert, Galloway Johnson Tompkins Burr & Smith, New Orleans, Louisiana, for Plaintiff/Appellee.
John A. Venezia, William B. Gordon, The Law Office of John A. Venezia (APLC), Metairie, Louisiana, for Defendant/Appellant.
(Court composed of Judge JAMES F. McKAY III, Judge MICHAEL E. KIRBY, Judge MAX N. TOBIAS, JR.).
JAMES F. McKAY III, Judge.
On June 1, 1998, John T. Campo & Associates, Inc., Architects/Planners (Campo) entered into a continuing' business relationship with John C. Bose Consulting Engineers, L.L.C. (Bose) wherein Bose would provide consulting services as a structural and civil engineer to Campo on a pre-determined rate schedule. Bose provided structural and civil engineering services on a number of projects from June of 1998 through July of 2002. However, Campo refused to pay Bose on several projects. Thereupon, Bose filed suit against Campo on an open account in the amount of forty-five thousand two hundred fifty-two and 50/100 dollars ($45,252.50). On January 17, 2007, Bose filed a motion for summary judgment which the trial court granted on May 31, 2007, awarding Bose $45,252.50 plus judicial interest from the date of demand. It is from this judgment that Campo appeals.
On appeal, Campo raises the following assignments of error: 1) the trial court erred by failing to find that Campo made a sufficient showing that it was entitled to a setoff on the Holiday Inn French Quarter project; 2) the trial court erred by failing to find that Campo made a sufficient showing that it was entitled to a setoff on the Plaza Resort and Spa project; 3) the trial court erred by failing to find that Campo made a sufficient showing that it was entitled to a setoff on the Ambulatory Surgical Center project; 4) the trial court erred in making impermissible credibility determinations on a motion for summary judgment, and failing to assume that all of the affiants are credible; 5) the trial court erred in failing to resolve evidentiary doubts in favor of the party opposing the motion; and 6) the trial court erred in failing to find that a genuine issue of material fact exists as to whether payments made by Campo were properly credited to the open account.
Appellate courts review the granting of summary judgment de novo under the same criteria governing the trial court's consideration of whether summary judgment is appropriate. Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94), 634 So.2d 1180, 1182. The summary judgment procedure is designed to secure the just, speedy and inexpensive determination of actions. Two Feathers Enterprises v. First National Bank of Commerce, 98-0465 (La.App. 4 Cir. 10/14/98), 720 So.2d 398, 400. This procedure is now favored *1035 and shall be construed to accomplish those ends. La. C.C.P. art. 966 A(2).
A summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to a material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966. If the court finds that a genuine issue of material fact exists, summary judgment must be rejected. Oakley v. Thebault, 96-0937 (La.App. 4 Cir. 11/13/96), 684 So.2d 488, 490. The burden does not shift to the party opposing summary judgment until the moving party first presents a prima facie case that no genuine issues of material fact exist. Id. At that point, the party opposing the motion must "make a showing sufficient to establish existence of proof of an element essential to his claim, action, or defense and on which he will bear the burden of proof at trial." La. C.C.P. art. 966(C).
Campo's initial assignment of error alleges that the court erred "by failing to find that Campo made a sufficient showing that it was entitled to a setoff on the Holiday Inn French Quarter project." Because Bose clearly set forth that he was owed money on this project, the burden shifts to Campo to prove any affirmative defense. Campo failed to present anything, other than a self serving affidavit, to support a setoff in the amount of $7,500.00. Accordingly, this assignment of error is without merit.
Campo's second assignment of error alleges that the court erred "by failing to find that Campo made a sufficient showing that it was entitled to a setoff on the Plaza Resort and Spa project." Because Bose clearly set forth that he was owed money on this project the burden shifts to Campo to prove any affirmative defense. Campo only presented contradictory evidence by using approximations in his affidavit, invoices claiming chargebacks from 2002 but invoiced in 2007, and the affidavit of a CPA that has no personal knowledge of Bose's work on the various projects. This is not enough to defeat summary judgment.
Campo's third assignment of error alleges that the court erred "by failing to find that Campo made a sufficient showing that it was entitled to a setoff on the Ambulatory Surgical Center Project." Because Bose clearly set forth that he was owed money on this project the burden of proof shifts to Campo to prove any affirmative defense. In support of his claim for a $4,100.00 chargeback, Campo again submits his self-serving affidavit, which alleges no monetary amount of setoff for this project, and the affidavit of a certified public accountant who has no personal knowledge of occurrences at the job site or with the project. Again, Campo has failed to present sufficient evidence to create an issue of material fact.
Campo's fourth assignment of error alleges that "[t]he trial court erred in making impermissible credibility determinations on a motion for summary judgment, and failing to assume that all of the affiants are credible." There were a total of three affidavits submitted in this case. In his affidavit, Bose attests that he has personal knowledge of the matter and further attests that all invoices submitted in the case are true and correct to the best of his knowledge. One of the two affidavits submitted by Campo did not support the documents submitted and the other did not state that the affiant had personal knowledge of Bose's actions nor did it state that the documents presented by Campo were true and correct. The trial court weighed the evidence in front of it and made its evaluation that summary judgment was *1036 appropriate. Accordingly, this assignment of error is without merit.
Campo's fifth assignment of error is that "[t]he trial court erred in failing to resolve evidentiary doubts in favor of the party opposing the motion." Campo's affidavit only offers approximations and the CPA's affidavit fails to authenticate the documents as true and correct and fails to offer personal knowledge of Campo's allegations against Bose. The trial court only needed to determine if Campo could bear the burden of proof at trial with regard to the setoffs. It is clear from the evidence that Campo will not be able to bear his burden of proof with regard to the setoff defense. Accordingly, this assignment of error is without merit.
Campo's final assignment of error is that "[t]he trial court erred in failing to find that a genuine issue of material fact exists as to whether payments made by Campo were properly credited." This assignment of error is without merit. Bose has never disputed that Campo made a payment in the amount of $33,706.35 using check number 16479. Bose set forth how this payment was credited. In its exhibits, Bose details exactly how this payment was credited on Campo's account.
For the foregoing reasons, we find that there are no genuine issues of material fact in this case and that Bose is entitled to judgment as a matter of law. Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.
TOBIAS, J., concurs and assigns reasons.
TOBIAS, J., concurs and assigns reasons.
I respectfully concur. Richard v. Hall, 03-1488, p. 5 (La.4/23/04), 874 So.2d 131, 137, requires the defendant in this case to produce "factual support sufficient to establish they will be able to satisfy their evidentiary burden of proof at trial." I do not find that documentation such as the "Architectural Services Chargeback to John C. Bose, Consulting Engineer, A Professional L.L.C," dated "April 26, 2007" [emphasis supplied] attached to the defendant's memorandum in opposition to the plaintiffs motion for summary judgment filed on 5 April 2007 in the trial court would qualify as a proper factual support. It tends to imply fabrication of evidence which would allow a trial court to apply the falsus in uno doctrine or, at the very least, cause the trial court to strain at a gnat and after swallowing a camel. World Trade Center Taxing District v. All Taxpayers, Property Owners, and Citizens of World Trade Center Taxing District and Nonresidents Owning Property or Subject to Taxation Therein, 05-0048, p. 17 (La.App. 4 Cir. 2/1/05), 894 So.2d 1185, 1196, aff'd, 05-0374 (La.6/29/05), 908 So.2d 623.