# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 09-151

CACV OF COLORADO, LLC

VERSUS

JUSTIN R. SPIEHLER, III AND CANDACE CULLUM SPIEHLER a/k/a CANDACE L. GORDON

**********
APPEAL FROM THE
FIFTEENTH DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20042878
HONORABLE PATRICK L. MICHOT, DISTRICT JUDGE

**********

**J. DAVID PAINTER**
**JUDGE**

**********

Court composed of Marc T. Amy, Elizabeth A. Pickett, and J. David Painter, Judges.

**AFFIRMED.**

D. Michael Dendy
P.O. Box 740369
New Orleans, LA 70174
Counsel for Plaintiff-Appellant:
    CACV or Colorado, LLC

Ped C. Kay, III
Hal J. Broussard
P.O. Drawer 3308
Lafayette, LA 70502
Counsel for Defendant-Appellee:
    Justin R. Spiehler, III

Candace Cullum Spiehler
1414 South Morgan Ave.
Broussard, LA 70518
In Proper Person

**PAINTER, Judge.**

Plaintiff, CACV of Colorado, LLC (CACV) appeals the judgment of the trial court dismissing its collection action against Candace Cullum Spiehler, pursuant to a motion for directed verdict.

## FACTS

Candace Cullum Spiehler and Justin R. Spiehler, III were married in 1996 and divorced in 2002. Prior to their marriage, Mr. Spiehler had a First USA credit card. It was his recollection that he cancelled the card and that it might have been kept in a drawer somewhere. Mr. Spiehler further testified that at sometime between 1996 and 1998, Mrs. Spiehler found the card and had it reactivated. He only discovered the reactivation after Mrs. Spiehler lost her job, and the bill began coming to their home. At that point the balance was approximately $8,545.00 which Mr. Spiehler paid, including with the payment a letter notifying the credit card company that the card should be closed forever and stating that it should not, under any circumstances, be re-activated. However, at some point prior to the Spiehler's divorce, Mrs. Spiehler re-activated the card. Mr. Spiehler testified that he did not discover that it had been reactivated until he was trying to obtain a loan, and a credit report showed that the card had been used and had an unpaid balance.

The indebtedness incurred in the use of that card was ultimately acquired by CACV, which filed this suit. At the trial of the matter, CACV introduced the testimony of Magic West, a representative of Collect America, of which CACV is a subsidiary, as well as an affidavit stating that CACV purchased the debt. CACV also presented a statement of the amount due on the account at the time it was purchased,

1

a bill of sale that came with the account, and a credit card agreement from Bank One which incorporated the credit card agreement from First USA dated July 1998. After CACV submitted its case, Defendants moved for a directed verdict asserting that CACV had not sufficiently proven the amount of the debt. The court granted the motion and dismissed CACV's claims. CACV appeals the dismissal only as to Mrs. Spiehler.

## DISCUSSION

CACV asserts on appeal that the trial court erred in granting the motion for directed verdict in that it produced sufficient evidence to constitute a prima facie case.

Plaintiff correctly notes that the courts of this state have treated suits to collect credit card debt as suits on open account. *See Sears, Roebuck and Co. v. Dennies*, 03-1160 (La.App. 5 Cir. 3/30/04), 870 So.2d 1080; *Sears, Roebuck and Co. v. Richardson*, 32,951 (La.App. 2 Cir. 4/5/00), 759 So.2d 190. Accordingly, we will apply the burden of proof for a suit on open account.

> In order to prevail in a suit on an open account, the creditor must first prove the account by showing that the record of the account was kept in the course of business and by introducing evidence regarding its accuracy. Once a prima facie case has been established by the creditor, the burden shifts to the debtor to prove the inaccuracy of the account or to prove the debtor is entitled to certain credits. *Jacobs Chiropractic Clinic v. Holloway*, 589 So.2d 31 (La.App. 1 Cir.1991).

*Metal Coatings, L.L.C. v. Petroquip Energy Services, L.P.*, 06-1118, p. 4 (La.App. 3 Cir. 11/21/07), 970 So.2d 695, 698.

In this case, there was no evidence regarding the accuracy of the account. CACV bought the indebtedness. No evidence was introduced regarding the purchases

2

underlying the debt, no receipts, invoices, billing statements, or statements of account were introduced to support the accuracy of the amount claimed. There was no way for the court to verify the accuracy of the amount claimed. At the close of Plaintiff's case, there was insufficient data to determine whether the amount claimed was accurate. Accordingly, the trial court correctly found that CACV failed to prove the account.

## CONCLUSION

Finding no error in the determination of the trial court that CACV failed to prove a prima facie case, we affirm the trial court's dismissal of the claim. Costs of this appeal are to be paid by CACV.

AFFIRMED.

3