EDWIN A. LOMBARD, Judge.
hThe Appellant, Karen Sanches, seeks review of the September 10, 2012, judgment of the second city court granting summary judgment in favor of the Appel-lee, Capital One Bank (USA) N.A., on an open account. Pursuant to our de novo review, we reverse.
Facts and Procedural History
Capital One Bank (USA) N.A. (“Capital One”), filed suit against Karen Sanches on September 21, 2011, for unpaid sums on her MasterCard account, ending in 2863. Ms. Sanches answered the suit, but did not raise any affirmative defenses therein. Capital One propounded discovery on Ms. Sanches, who did not timely respond. On January 10, 2012, Capital One filed a motion for summary judgment or in the alternative a motion to compel discovery. The second city court denied Capital One’s motion for summary judgment, but granted the motion to compel, ordering Ms. Sanch-es to answer the outstanding discovery within 30 days. Thereafter, Ms. Sanches timely submitted her discovery responses.
| ^Capital One filed a second motion for summary judgment or, in the alternative, to compel discovery on May 15, 2012, which Ms. Sanches opposed. A hearing was held on August 14, 2012, wherein Ms. Sanches argued that the affidavits submitted by Capital One in support of its motion for summary judgment were insufficient. The second city court took her argument into consideration although it had not been briefed. Nevertheless, the court ultimately held that the affiants were familiar with and had reviewed the business records for Ms. Sanches’ account and granted Capital One’s summary judgment on September 10, 2012. Thereafter, Ms. Sanches filed a Petition for Devolutive Appeal, which was granted by the second city court on September 25, 2012. The second city court issued a second judgment on September 28, 2012, pertaining to Capital One’s motion for summary judgment. Ms. Sanches appealed the second judgment and filed a petition for nullity.
In the instant appeal, Ms. Sanches raises two (2) assignments of error:
*872 1) the second city court erred in granting summary judgment in favor of Capital One, and
2) the second city court erred in issuing a second final judgment on September 28, 2012, after the delays for a new trial had expired and after Ms. Sanches had filed her petition for appeal.
Standard of Review
Appellate courts review the granting of summary judgment de novo under the same criteria governing the trial court’s consideration of whether summary judgment is appropriate. John C. Bose Consulting Eng’r, LLC v. John T. Campo & Associates, Inc., 07-1001, p. 2 (La.App. 4 Cir. 2/20/08), 978 So.2d 1033, 1034 (citing Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94), 634 So.2d 1180, 1182). Pursuant to La.Code Civ. Proc. art. 966, a summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to a material fact, and that the mover is entitled to judgment as a matter of law.
If the court finds that a genuine issue of material fact exists, summary judgment must be rejected. Bose, 07-1001, pp. 2-3, 978 So.2d at 1035 (citing Oakley v. The-bault, 96-0937 (La.App. 4 Cir. 11/13/96), 684 So.2d 488, 490). The burden does not shift to the party opposing summary judgment until the moving party first presents a prima facie case that no genuine issues of material fact exist. Id. At that point, pursuant to La.Code Civ. Proc. art. 966(C), the party opposing the motion must “make a showing sufficient to establish existence of proof of an element essential to his claim, action, or defense and on which he will bear the burden of proof at trial.”
First Assignment of Error
In her first assignment of error, Ms. Sanches argues that the second city court erred in granting Capital One’s summary judgment in favor of Capital One because: 1) the affidavits submitted by Capital One with its motion for summary judgment were not based on the personal knowledge of the affiants, and 2) Capital One failed to furnish admissible evidence sufficient to prove a prima facie case.
Ms. Sanches attacks the sufficiency of the affidavits of Dean Liverman, a Litigation Support Representative for Capital One, and Kate White, an employee |4of Capital One’s counsel, in her first argument. She avers that neither of the affidavits demonstrates that the affiants had personal knowledge of the facts to which they attest, which is required for affidavits supporting motions for summary judgment under La.Code Civ. Proc. art. 967.
Regarding Mr. Liverman particularly, she avers that his affidavit is a form affidavit wherein he identifies himself only as an “authorized agent” of Capital One. She argues that Mr. Liverman does not define the scope of his employment with Capital One within the affidavit, which also reveals that he does not keep Capital One’s records. The affidavit does not indicate how Mr, Liverman obtained the knowledge of her records, according to Ms. Sanches. She further contends that nothing in his affidavit states (1) that she opened an account with Capital One; (2) when she opened it, and (3) what she agreed to when the account was allegedly opened. Thus, she argues, it is clear that Mr. Liverman is not the person who has actual “knowledge of the acts and events” of the disputed account.
Furthermore, she contends that Mr. Liverman’s affidavit is insufficient to even meet the “business records” exception to hearsay of La.Code of Evid. art. 803 be *873 cause Mr. Liverman does not state in the affidavit that he is the custodian of the records or is otherwise qualified to tell the court what the records show, based upon personal knowledge. The affidavits, she alleges, do not provide facts to indicate how the affiants gained personal knowledge of the facts included therein. She also argues that neither of the contested affidavits identifies any particular documents, which is a defect fatal to the motion for summary judgment. [.^Additionally, she argues that the second city court previously rejected the same affidavits when it denied Capital One’s first motion for summary judgment.
In Louisiana, suits to collect credit card debit are treated as suits on an open account. CACV of Colorado, LLC v. Spiehler, 09-151, p. 2 (La.App. 3 Cir. 6/3/09), 11 So.3d 673, 675. A prima facie case on an open account requires proof of the account by showing that the record of the account was kept in the course of business and by introducing supporting testimony regarding its accuracy. Id. (citing Jacobs Chiropractic Clinic v. Holloway, 589 So.2d 31 (La.App. 1 Cir.1991)). Once a prima facie case has been established by the creditor, the burden shifts to the debtor to prove the inaccuracy of the account or to prove the debtor is entitled to certain credits. Id. “[T]he opponent has nothing to prove in response to the motion [for summary judgment] if a prima facie case has not been made.” Hat’s Equipment, Inc. v. WHM, L.L.C., 11-1982, p. 7 (La.App. 1 Cir. 5/4/12), 92 So.3d 1072, 1076 [citations omitted].
Article 967 of the Louisiana Code of Civil Procedure sets forth the requirements for affidavits offered in support of motions for summary judgment and provides in pertinent part:
A. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. The supporting and opposing affidavits of experts may set forth such experts’ opinions on the facts as would be admissible in evidence under Louisiana Code of Evidence Article 702, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof [ referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or by further affidavits.
B. When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.
“[I]t is insufficient for an affiant to merely declare that he has “personal knowledge” of a certain fact. The affidavit must affirmatively establish that the affi-ant is competent to testify to the matters stated by a factual averment showing how he came by such knowledge.” THH Properties Ltd. P’ship v. Hill, 41,038, p. 7 (La.App. 2 Cir. 6/2/06), 930 So.2d 1214, 1219 (citing Express Pub. Co., Inc. v. Giani Inv. Co., Inc., 449 So.2d 145 (La.App. 4 Cir.1984)). “Personal knowledge means something which a witness actually saw or *874 heard, as distinguished from something a witness learned from some other person or source.” Id. (citations omitted). Furthermore, “ ‘personal knowledge’ encompasses only those facts which the affiant saw, heard or perceived with his own senses.” Express Pub. Co., Inc., 449 So.2d at 147 (citing Atkinson v. Allstate Ins. Co., 361 So.2d 32 (La.App. 3 Cir.1978)).
Additionally, with regard to business records La.Code Evid. art. 803 states in pertinent part:
The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
(6) Records of regularly conducted business activity. A memorandum, report, record, or data compilation, in any form, including but not limited to that which is stored by the use of an optical disk imaging system, of acts, |7events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if made and kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make and to keep the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. This exception is inapplicable unless the recorded information was furnished to the business either by a person who was routinely acting for the business in reporting the information or in circumstances under which the statement would not be excluded by the hearsay rule. The term “business” as used in this Paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit. Public records and reports which are specifically excluded from the public records exception by Article 803(8)(b) shall not qualify as an exception to the hearsay rule under this Paragraph.
Ms. Sanches is correct in her assertion that there is a distinction between an affidavit that meets the requirements of a business record exception to hearsay rule under art. 803(6) affidavit as opposed to an affidavit that meets the personal knowledge requirement of La.Code Civ. Proc. art. 967 required of summary judgment affidavit. Nevertheless, our court has explained, for purposes of summary judgment, that where affiants attest to facts contained in business records said affiants are not required to demonstrate that they personally prepared the records or have firsthand knowledge of the contents of the records:
However, where business records are concerned, the courts have deemed it sufficient that the affiant be qualified to identify the business records as such. The affiant has not been required to show that he personally prepared the business records, or that he had direct, independent, first hand knowledge of the contents thereof. Brown v. Adolph, 96-1257 (La.App. 1 Cir. 3/27/97), 691 So.2d 1321.... The practical wisdom of this approach is especially easy to appreciate in litigation involving long running account relationships where it | swould not normally be practical or necessary to require every one of possibly numerous employees to personally attest to each entry on the account. Although the wisdom of the business records doctrine is easiest to see in connection with accounts of long standing, it is equally applicable to business records in general.
Delcambre v. Price, 99-0223, p. 4 (La.App. 4 Cir. 3/24/99), 738 So.2d 593, 595.
*875 Our review of the record shows that Capital One principally relied upon the affidavit of Mr. Liverman in support of its motion for summary judgment. In his affidavit, he identifies Ms. Sanches as the defendant in the caption and thereafter within the affidavit she identified as the “defendant”. He attests to the fact that she has an outstanding balance of $6,771.87, plus interest accruing at an annual percentage rate of 26.15%, as of August 15, 2011 on her Capital One MasterCard account ending in 2863. He further attests to the fact that pursuant to a Capital One Customer Agreement, she owes attorneys’ fees and costs to the extent provided by law. Additionally, he states that “Capital One has provided counsel with certain documents from its books and records relating to” Ms. Sanches? Capital One account and that any such documents attached to his affidavit by counsel are “true and correct”. The attached documents are:
1. a Capital One Customer Agreement;
2. Invoices for billing periods December [2010] to January 2011, January to February 2011, February to March 2011 and March to June 2011 addressed to Ms. Sanches and listing her various outstanding balances, and
3. A transaction data summary naming Ms. Sanches.
|nThe attached documents are not named or otherwise identified within his affidavit. Lastly, he attests that the information included in his affidavit is true and correct and that if called as a witness, he would competently testify under oath thereto.
Louisiana courts have recognized that affidavits that reference and authenticate documents attached thereto in support of a motion for summary judgment can establish a prima facie case that the motion should be granted. See Found. Materials, Inc. v. Carrollton Mid-City Investors, L.L.C., 10-0542, pp. 4-5 (La.App. 4 Cir. 5/25/11), 66 So.3d 1230, 1233. Authentication is “a condition precedent to admissibility” which is satisfied by “evidence sufficient to support a finding that the [document] is what its proponent claims.” FIA Card Servs., N.A. v. Weaver, 10-1372, p. 15 (La.3/15/11), 62 So.3d 709, 718 (citing La. Evid.Code art. 901(a)).[1]
We find that the affidavit of Mr. Liver-man does not accurately establish Ms. Sanches’ indebtedness to Capital One because there is no documentation that he specifically names, attaches and authenticates that establishes her indebtedness. As noted above, a prima facie case on an open account requires proof of the account by showing that the record of the account was kept in the course of business and by introducing supporting testimony regarding its accuracy. CACV, supra. In the instant matter, Capital One has not demonstrated that it is entitled to summary judgment because there has been no proof of the account made by showing a record thereof. Moreover, as Ms. Sanches argues, the wording of the affidavit does not identify with specificity what documents are attached. The vague | inwording of Mr. Liverman’s affidavit does not serve to authenticate the attached documents that are not specifically referenced within his affidavit. As this was the only affidavit submitted by Capital One that purported to authenticate documentation of Ms. Sanch-es’ indebtedness, we find that Capital One *876 did not carry its burden of proof on its motion for summary judgment. Thus, pursuant to our de novo review, we reverse the judgment of the second city court and deny Capital One’s motion for summary judgment.
Lastly, we pretermit discussion of the remaining assignment of error, as it is moot.
DECREE
For the forgoing reasons, the judgment of the second city court granting the mor tion for summary judgment of Capital One Bank (USA) N.A., is reversed and this matter is remanded to the district court for further proceedings.
REVERSED AND REMANDED

. La.Code Evid. art. 901(A) states:
A. General provision. The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.