| | | |
|---|---|---|
| **MILLING, BENSON, WOODWARD, LLP** | * | **NO. 2020-CA-0115** |
| | * | |
| **VERSUS** | | **COURT OF APPEAL** |
| | * | |
| **OLGA PAVLOVNA BLAKLEY, M.D.** | | **FOURTH CIRCUIT** |
| | * | |
| | | **STATE OF LOUISIANA** |

**\* \* \* \* \* \* \***

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2015-11551, DIVISION "B-1"
Honorable Rachael Johnson,
\* \* \* \* \* \*
**Judge Tiffany G. Chase**
\* \* \* \* \* \*
(Court composed of Chief Judge James F. McKay, III, Judge Terri F. Love, Judge Roland L. Belsome, Judge Rosemary Ledet, Judge Tiffany G. Chase)

**LOVE, J., CONCURS AND ASSIGNS REASON**
**BELSOME, J., DISSENTS FOR THE REASONS ASSIGNED BY J. LEDET**
**LEDET, J., DISSENTING WITH REASONS**

Cody J. Acosta
Chadwick W. Collings
MILLING, BENSON, WOODWARD, LLP
68031 Captial Trace Row
Mandeville, LA 70471

      COUNSEL FOR PLAINTIFF/APPELLEE

Joseph M. Bruno
Daniel A. Meyer
BRUNO & BRUNO LLP
855 Baronne Street
New Orleans, LA 70113

      COUNSEL FOR DEFENDANT/APPELLANT

           **REVERSED AND REMANDED**
           **JUNE  17, 2020**

*TGC*
*JFM*

This is a suit on an open account. Dr. Olga Blakley (hereinafter "Dr. Blakley"), seeks review of the trial court's November 26, 2019 judgment granting the motion for summary judgment filed by Milling Benson Woodward, LLC (hereinafter "Milling"). After consideration of the record before the Court, and the applicable law, we reverse the judgment of the trial court and remand the matter for further proceedings.

## FACTS AND PROCEDURAL HISTORY

In May 2014, Dr. Blakley received correspondence from Dr. Cecilia Mouton (hereinafter "Dr. Mouton"), the Director of Investigations for the Louisiana State Board of Medical Examiners (hereinafter "the LSBME"). Dr. Blakley was informed that an investigation was being conducted to determine whether she was practicing in a manner which violated several provisions of the Louisiana Medical Practice Act. The investigation related to medical procedures performed by Dr. Blakley while practicing at Medical and Diagnostic Clinic (hereinafter "MDC"). Dr. Mouton requested a meeting with Dr. Blakley to discuss the issues raised in the letter. Mr. Normand Pizza (hereinafter "Mr. Pizza"), a partner at Milling, and his firm were retained to represent Dr. Blakley in the LSBME's investigation.

1

The terms of Mr. Pizza and Milling's representation were set forth in an engagement letter dated May 14, 2014 (hereinafter "the Agreement"). The Agreement stipulated that the maximum hourly charge would be $325.00 per hour for Mr. Pizza's work, with an associate rate of $180 per hour, and $100 per hour for paralegals. The terms of the Agreement provided for monthly invoices that detailed professional fees and costs incurred. Dr. Blakley accepted the terms of the Agreement by signing and dating the document on May 28, 2014.

Over a period of several months, Milling billed Dr. Blakley for legal services rendered. MDC paid Milling $44,556.25 on Dr. Blakley's behalf. In August 2014, Milling contacted Dr. Blakley regarding payment of its remaining fees. After multiple attempts to negotiate payment of the balance owed, on September 23, 2014, Mr. Pizza informed Dr. Blakley "the Firm has ordered us to stop working on your case until your balance is paid." Milling continued to issue invoices for the months ending in October 2014, November 2014, and February 2015.

On December 7, 2015, Milling filed a petition seeking the balance owed on the open account, $65,555.51, along with interest and attorney's fees. During the pendency of the litigation, Dr. Blakley's insurer, Capson, paid Milling $5,759.54. Milling filed a motion for summary judgment on September 13, 2019 to recover the remaining $59,795.97 balance. In support of its motion, Milling offered the invoices, the affidavits of Mr. Pizza and Mr. Thomas Schneidau (an associate at Milling), and accompanying exhibits including correspondence between the parties. Dr. Blakley opposed, offering her own affidavit and supporting exhibits questioning the reasonableness and accuracy of Milling's fees.

2

The hearing on Milling's motion for summary judgment was held on October 19, 2019. Ruling from the bench, the trial court found that Milling sufficiently made a *prima facie* case that it was entitled to recover the balance owed on the open account. The judgment was reduced to writing on November 26, 2019, wherein Milling was awarded $59,795.97 for legal services rendered, $10,947.17 in accrued interest, plus additional prospective interest and reasonable attorney's fees. Dr. Blakley timely filed this devolutive appeal.

## STANDARD OF REVIEW

"Appellate courts review the grant or denial of a motion for summary judgment *de novo*, employing the same criteria that govern the trial court's determination of whether summary judgment is appropriate." *Maddox v. Howard Hughes Corp.*, 2019-0135, p. 4 (La.App. 4 Cir. 4/17/19), 268 So.3d 333, 337 (citations omitted).

## DISCUSSION

In her sole assignment of error, Dr. Blakley avers the trial court erred in granting Milling's motion for summary judgment, as there remain genuine issues of material fact as to the accuracy of the amount of Milling's fees. We agree.

A suit on an open account is provided for in La. R.S. 9:2781. The statute defines an open account as any account that has a full or partial balance that is past due, including debts incurred for professional services including legal services. La. R.S. 9:2781(D). The mover in an action on an open account must prove his claim by a preponderance of the evidence. *See Capital One Bank (USA), NA v. Sanches*, 2013-0003, p. 5 (La.App. 4 Cir. 6/12/13), 119 So.3d 870, 873 (citing *CACV of Colorado, LLC v. Speihler*, 2009-0151, p. 2 (La.App. 3 Cir. 6/3/09), 11 So.3d 673, 675). In order to prove a *prima facie* case on an open account, the

3

mover must show that a record of the account was kept in the course of business and provide evidence supporting its accuracy. *Id.*

When Milling presented its *prima facie* case, the burden then shifted to Dr. Blakley "to produce factual support sufficient to establish the existence of a genuine issue of material fact" as to the accuracy of the amount owed on the open account. La. C.C.P. art. 966(D)(1); *see also Sanches*, 2013-003, p. 5, 131 So.3d at 873. In *Maddox*, 2019-0135, p. 5, 268 So.3d at 337, this Court stated:

> A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue, and summary judgment is appropriate. *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512, p. 27 (La. 7/5/94), 639 So.2d 730, 751. "A fact is material when its existence or nonexistence may be essential to the plaintiffs [sic] cause of action under the applicable theory of recovery; a fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute." *Chapital v. Harry Kelleher & Co., Inc.*, 13-1606, p. 5 (La. App. 4 Cir. 6/4/14), 144 So.3d 75, 81. Whether a fact is material is a determination that must be made based on the applicable substantive law. *Roadrunner Transp. Sys. v. Brown*, 17-0040, p. 7 (La. App. 4 Cir. 5/10/17), 219 So.3d 1265, 1270 (citing *Smith*, *supra*).

The applicable substantive law before us dictates the accuracy of the legal fees billed is a material fact.

In opposition to Milling's motion for summary judgment, Dr. Blakley attached her responses to discovery. The record reflects that on September 23, 2014, Milling informed Dr. Blakley that it would cease representation due to the unpaid balance on her account. Specifically, the notice provides that "if the Board does proceed against you… we will not represent you unless your balance is made current." However, the invoices demonstrate that Milling billed Dr. Blakley in October 2014 for work performed on her case. Additionally, Milling submitted

4

invoices for November 2014 and February 2015. As previously noted, a fact is material if it has the potential to determine the outcome of a case. *Id.* We find the latter creates a genuine issue of material fact regarding the accuracy of the legal fees billed, thus affecting the amount due to Milling.

## DECREE

The November 26, 2019 judgment of the trial court granting summary judgment in favor of Milling is reversed and the matter is remanded to the trial court for further proceedings.

**REVERSED AND REMANDED**