A-MMED AMBULANCE, INC.     *      NO. 2024-CA-0417

VERSUS                *

                               COURT OF APPEAL

COMMUNITY CARE, LLC     *

D/B/A COMMUNITY CARE        FOURTH CIRCUIT

HOSPITAL                *

                               STATE OF LOUISIANA

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2017-02574, DIVISION "F-14"
Honorable Jennifer M. Medley
* * * * * *
**Judge Tiffany Gautier Chase**
* * * * * *

(Court composed of Judge Joy Cossich Lobrano, Judge Tiffany Gautier Chase, Judge Dale N. Atkins)

Lorraine P. McInnis
Phiyen H. Phan
BRADLEY MURCHISON KELLY & SHEA LLC
1100 Poydras Street
Suite 2700
New Orleans, LA 70163

         COUNSEL FOR DEFENDANT/APPELLANT

Clarence F. Favret, III
Jordan T. LeBlanc
FAVRET CARRIERE CRONVICH
650 Poydras Street
Suite 2300
New Orleans, LA 70130

         COUNSEL FOR PLAINTIFF/APPELLEE

**REVERSED AND RENDERED
DECEMBER 9, 2024**

Appellant, Community Care, LLC, (hereinafter "Community Care"), seeks review of the trial court's April 22, 2024 judgment. After consideration of the record before this Court and the applicable law, we reverse the portion of the trial court's judgment denying Community Care's motion for involuntary dismissal and render judgment in favor of Community Care.

### Facts and Procedural History

This is a suit on an open account. On January 20, 2017, A-MMED Ambulance, Inc. (hereinafter "A-MMED") issued a written demand to Community Care, asserting that it owed $9,292.43 in outstanding fees for ambulance transport services from April 11, 2014 to August 19, 2016.[1] In response, Community Care issued a letter disputing the debt.

A-MMED filed a "Petition on Open Account" asserting its claim that Community Care owed fees for ambulance transport services for several of its patients. A-MMED subsequently filed a motion to set the matter for trial and requested discovery cutoff dates. The parties agreed to submit the matter for trial

---

[1] Community Care is an inpatient psychiatric hospital.

1

on the pleadings. After receiving A-MMED's brief, Community Care submitted its trial brief and moved for an involuntary dismissal of A-MMED's claim.

On October 24, 2023, the trial court ordered the parties to submit "the contract, agreement, [Memorandum of Understanding], and/or any other written stipulation entered into by the parties… ." Community Care responded, notifying the trial court that no such document existed between the parties. The trial court conducted a status conference and instructed the parties to file a motion to set the case for trial in order to consider live testimony. However, neither party filed a motion. On April 22, 2024, the trial court rendered judgment overruling Community Care's objection to the admission of correspondence between the parties regarding responsibility for payment; denying Community Care's motion for involuntary dismissal; and granting A-MMED's petition on an open account, casting judgment against Community Care in the amount of $9,292.43 plus legal interest. The judgment further granted attorney fees and costs to be determined after a contradictory hearing. As its reasons for judgment, the trial court "adopt[ed], *in toto*," A-MMED's trial and reply briefs. This appeal followed.

## Standards of Review

A trial court's evidentiary rulings are reviewed under an abuse of discretion standard of review. *Joseph v. Williams*, 2012-0675, p. 10 (La.App. 4 Cir. 11/14/12), 105 So.3d 207, 214. A ruling on a motion for involuntary dismissal and the existence of an open account are both subject to a manifest error standard of review. *Montgomery Stire & Partners, Inc. v. London Livery, Ltd.*, 1999-3145, p. 4 (La.App. 4 Cir. 9/20/00), 769 So.2d 703, 706; *Crowe v. State Farm Mut. Auto. Ins. Co.*, 2020-0244, p. 8 (La.App. 4 Cir. 11/18/20), 309 So.3d 773, 779.

**<u>Assignments of Error</u>**

On appeal, Community Care asserts three assignments of error: (1) the trial court erred in admitting A-MMED's exhibits; (2) the trial court erred in denying its motion for involuntary dismissal; and (3) A-MMED failed to satisfy its burden of proof regarding an open account. Our review of the record indicates that the dispositive issue in this case is whether the trial court erred in denying Community Care's motion for involuntary dismissal. However, since the trial court considered documents objected to by Community Care, we begin our analysis with the trial court's evidentiary rulings.

**<u>Evidentiary Rulings</u>**

Community Care argues the trial court erred in admitting the affidavit of Marco Macera (hereinafter "Mr. Macera"), Vice-President of Operations at A-MMED; invoices of thirty-six patients serviced by A-MMED; and correspondence between the parties regarding responsibility for payment. These documents were submitted with A-MMED's trial brief.

As a threshold matter, we recognize that Community Care did not formally object to the admission of "plaintiff's exhibit B," the affidavit of Mr. Macera. Community Care's trial brief states that the affidavit should be "stricken from the record." However, it failed to lodge a formal objection to the admission of the affidavit. "A party may waive or be estopped from making an objection to the admission or exclusion of evidence. That waiver may arise from [the] failure to object... ." *Cross v. Cutter Biological, Div. of Miles Inc.*, 1994-1477, p. 8 (La.App. 4 Cir. 5/29/96), 676 So.2d 131, 139 (citation omitted). Community Care's failure to raise the objection to the affidavit at the trial court amounts to a waiver of its right to assert an objection on appeal.

Community Care also challenges the trial court's ruling admitting correspondence from A-MMED regarding responsibility for payment. However, Community Care fails to brief the issue in this Court; and it is therefore considered waived. *McMaster v. Progressive Sec. Ins. Co.*, 2014-0155, pp. 6-7 (La.App. 4 Cir. 10/29/14), 152 So.3d 979, 983 (observing that "if an appellant identifies an assignment of error or an issue presented for review, but fails to brief that point with citations to the record and support in the law, that issue or assignment is deemed waived.").

Finally, Community Care maintains the trial court erred in admitting thirty-six unauthenticated invoices for patients who utilized A-MMED's ambulance transport services. It asserts the trial court failed to address the objection. The trial court's judgment is silent with respect to a ruling on Community Care's objection to the admissibility of "plaintiff's exhibit A," the thirty-six invoices. "The settled principle is that when a trial court's judgment is silent with respect to a party's claim or an issue placed before the court, it is presumed that the trial court denied the relief sought." *Kirby v. Poydras Ctr., LLC*, 2015-0027, p. 9 (La.App. 4 Cir. 9/23/15), 176 So.3d 601, 606 (citations omitted). Applying the above legal principle, we find the objection is deemed denied.

According to Community Care, A-MMED failed to properly authenticate the invoices and the documents lack the proper foundation. Conversely, A-MMED contends that the invoices were authenticated by the affidavit of Mr. Macera. "Authentication is a 'condition precedent to admissibility' which is satisfied by 'evidence sufficient to support a finding that the [document] is what its proponent claims.'" *Capital One Bank (USA), NA v. Sanches*, 2013-0003, p. 9 (La.App. 4 Cir. 6/12/13), 119 So.3d 870, 875 (citation omitted). Testimony of a witness with

knowledge of the matter, asserting that the matter is what it is purported to be, satisfies the authentication requirements of La. C.E. art. 901(B)(1). A-MMED contends that Mr. Macera has personal knowledge of the billing and records procedures to sufficiently authenticate the invoices. In his affidavit, Mr. Macera states that he is responsible for billing and is actually aware of A-MMED's billing procedure. He further attests that Community Care's invoices are true and correct copies. The affidavit specifically references the amount of Community Care's indebtedness and references the invoices of Community Care's patients. The invoices also reference the date services were provided to the patients. Thus, we find Mr. Macera's affidavit sufficient to authenticate the thirty-six invoices. As a trial court's decision to admit or exclude evidence is allowed great discretion, we find the trial court did not erred in admitting the thirty-six invoices. *Alfred Conhagen, Inc. of Louisiana v. Ruhrpumpen, Inc.*, 2021-0396, p. 5 (La.App. 4 Cir. 4/13/22), 338 So.3d 55, 62 (citation omitted).

## Involuntary Dismissal

Community Care contends the trial court erred in denying its motion for involuntary dismissal as A-MMED's trial and reply briefs fail to provide sufficient evidence to satisfy its burden of proof on a claim for an open account.

The procedure for involuntary dismissal is governed by La. C.C.P. art. 1672(B), which provides:

> In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground that upon the facts and law, the plaintiff has shown no right to relief. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all the evidence.

"A motion for involuntary dismissal may be granted only when the plaintiff has failed to establish his case by a 'preponderance of the evidence.'" *Webb v. Smith*, 555 So.2d 556, 557 (La.App. 4th Cir. 1989) (citation omitted). A trial court must weigh and evaluate all the evidence, which has been presented by the plaintiff, and determine whether he has established a *prima facie* case. *Greenup v. Roosevelt*, 2018-0892, p. 4 (La.App. 4 Cir. 3/20/19), 267 So.3d 138, 141-42.

A-MMED contends Community Care is responsible for outstanding fees for ambulance transport services rendered to Community Care's patients. A suit on an open account is provided for in La. R.S. 9:2781, which defines an open account as any account that has a full or partial balance that is past due, including debts incurred for professional services. La. R.S. 9:2781(D). The mover in an action on an open account must prove his claim by a preponderance of the evidence. *See Capital One Bank (USA), NA,* 2013-0003, p. 5, 119 So.3d at 873 (citing *CACV of Colorado, LLC v. Spiehler,* 2009-0151, p. 2 (La.App. 3 Cir. 6/3/09), 11 So.3d 673, 675). In order to establish a *prima facie* case on an open account, the mover must show that a record of the account was kept in the course of business and provide evidence supporting its accuracy. *Id.* "Once a *prima facie* case is established by the creditor, the burden shifts to the debtor to prove the inaccuracy of the account… ." *Capital One Bank (USA), NA*, 2013-0003, p. 5, 119 So.3d at 873. "Further, the amount owing on an open account is a question of fact as to which the trial [court's] findings may not be disturbed absent a finding of manifest error." *Montgomery Stire & Partners*, 1999-3145, p. 4, 769 So.2d at 706. In order to reverse the trial court, this Court "must undertake a two-part inquiry: (1) the court must find from the record that a reasonable factual basis does not exist for the finding of the trier of fact; and (2) the court must further determine the record

6

establishes the finding is clearly wrong." *S.J. v. Lafayette Par. Sch. Bd.*, 2009-2195, p. 12 (La. 7/6/10), 41 So.3d 1119, 1127 (citation omitted). Under a manifest error review, the role of this Court is as follows:

> [T]he issue to be resolved by the reviewing court is not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one. If the factual findings are reasonable in light of the record reviewed in its entirety, a reviewing court may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Accordingly, where there are two permissible views of the evidence, the factfinder's choice between them cannot be manifestly erroneous.

*Id*., 2009-2195, pp. 12-13, 41 So.3d at 1127 (internal citations omitted).

In the case *sub judice*, A-MMED submitted the following: (1) invoices of thirty-six Community Care patients serviced by A-MMED; (2) affidavit of Mr. Macera together with his resume; and (3) correspondence between Community Care and A-MMED regarding the outstanding balance and A-MMED's position that Community Care was responsible for payment. A-MMED maintains that Community Care is responsible for the costs for transporting Community Care's patients for treatment pursuant to the Medicare "interrupted stay" rule.[2] In defense, Community Care contends that payment for transport services is contingent upon each individual patient's insurance status. It asserts that A-MMED has not provided sufficient evidence to demonstrate that Community Care is indebted for the fees for the ambulance transport services.

The record is devoid of any contractual agreement between the parties. "A creditor suing on an open account must prove that the debtor contracted for the

---

[2] The Centers for Medicare and Medicaid Services defines an interrupted stay as a stay that occurs when a long-term care facility patient is discharged from a facility, for treatment or care, and after a specific number of days away is readmitted to the same facility. Medicare payments for any test, procedure or care during the interrupted stay is the responsibility of the facility. *See* The Centers for Medicare and Medicaid Services website, https://www.cms.hhs.gov.

sales on an open account. Where there is no contractual relationship between the parties, there can be no recovery on an open account []." *F. Christiana & Co., Inc. v. Matt's Grocery, Inc., No. 2*, 1995-2073, p. 4 (La.App. 4 Cir. 5/8/96), 674 So.2d 419, 421 (internal citation omitted) (citation omitted). There must be a clear understanding between the parties or a "meeting of the minds" on an open account suit. *Id*. (citation omitted). The trial court ordered the parties to submit proof of an agreement, yet neither party complied. Rather, Community Care stated that no such document existed. We therefore find, insufficient evidence to indicate the requisite "meeting of the minds" between A-MMED and Community Care as to who bore responsibility for payment of the ambulance transport service.

A-MMED submitted thirty-six invoices as evidence of the debt owed for ambulance transport services provided to Community Care patients. To authenticate the invoices, A-MMED provided the affidavit of Mr. Macera. As previously determined, Community Care waived the right to object to the admission of Mr. Macera's affidavit; and his affidavit adequately authenticates the thirty-six invoices. However, admissibility of evidence is a separate determination from sufficiency of the evidence. La. C.E. art. 402 governs admissibility of evidence and provides that "[a]ll relevant evidence is admissible," while "[e]vidence which is not relevant is not admissible." "'Relevant evidence' means evidence having a tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." La. C.E. art. 401. While La. C.E. art. 402 governs the manner in which facts are presented to the trier of fact, it does not determine the sufficiency in which the facts presented satisfy the required burden of proof. *See Carmell v. Texas*, 529 U.S. 513, 546-47, 120 S.Ct. 1620, 1640, 146

8

L.Ed.2d 577 (2000) ("The issue of the admissibility of evidence is simply different from the question [of] whether the properly admitted evidence is sufficient… ."). Although Mr. Macera's affidavit is admissible, it is insufficient in aiding A-MMED in satisfying its burden of proof.

Mr. Macera's affidavit states that he contacted a Louisiana Department of Health representative who confirmed that Community Care was responsible for the ambulance transport services provided to its patients. Mr. Macera attached a copy of the correspondence with the Louisiana Department of Health representative to his affidavit. However, the correspondence from the Louisiana Department of Health representative constitutes hearsay. A "statement, other than one made by the declarant…, offered in evidence to prove the truth of the matter asserted" is hearsay. La. C.E. art. 801(C). "Hearsay is treated as unreliable because it is based on statements by individuals who are not before the court, have not been sworn and are not available for cross examination." *Ross v. City of New Orleans*, 2000-1879, p. 14 (La.App. 4 Cir. 11/21/01), 808 So.2d 751, 761. In submitting the matter for trial on the pleadings, the Louisiana Department of Health representative was not present before the trial court or available for cross examination. The statements made in the correspondence by the Louisiana Department of Health representative constitute hearsay and are therefore unreliable. *See Id*. Additionally, "[i]t is true that 'hearsay evidence does not sustain the burden of proving a *prima facie* case.'" *Zuviceh v. Rodriguez*, 444 So.2d 767, 768 (La.App. 4th Cir. 1984) (quoting *Jones v. Ledet*, 383 So.2d 1308, 1312 (La.App. 3rd Cir. 1980) (emphasis added). A-MMED therefore cannot rely on the correspondence to satisfy its burden of proving that Community Care is responsible for the indebtedness.

9

Furthermore, the parties dispute the exact amount of the indebtedness. While A-MMED asserts that the invoices total $9,292.43, Community Care contends that the invoices total $9,096.57. There is also a dispute as to whether a name listed on the invoice was actually a patient of Community Care during the relevant timeframe. Based on the documents submitted, we find A-MMED has failed to establish a *prima facie* case on an open account. A-MMED has not provided sufficient evidence of a contractual agreement or any other document in support of its contention that Community Care is responsible for payment of the ambulance transport services provided to Community Care's patients. The trial court's ruling denying the motion for involuntary dismissal was clearly wrong as A-MMED failed to satisfy its burden of proof by a preponderance of the evidence. In light of our finding that the trial court erred in denying Community Care's motion for involuntary dismissal, we pretermit discussion of the trial court's ruling on A-MMED's "Petition on an Open Account" and award of attorney fees.[3]

## Decree

Based on the foregoing, we reverse the portion of the trial court's April 22, 2024 judgment denying Community Care's motion for involuntary dismissal and render judgment in favor of Community Care.

**REVERSED AND RENDERED**

---

[3] La. R.S. 9:2781(A) provides that "[w]hen any person fails to pay an open account within thirty days after the claimant sends written demand…that person shall be liable to the claimant for reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant."

10