PITMAN, J.
|! Defendant, Lynne Thompson, appeals a judgment from Shreveport City Court granting the motion for summary judgment of Plaintiff, Capital One Bank (USA) NA. For the reasons set forth below, we reverse the trial court’s judgment and remand for further proceedings.
FACTS
On March 4, 2011, Plaintiff instituted a suit against Defendant for the outstanding balance of $7,722.23, the amount due on Defendant’s MasterCard account, together with accrued interest of $627.72; additional interest from December 4, 2010, until judgment; 19.65 percent interest from date of judgment; attorney fees in the amount of 25 percent of the total of both principal and interest; and all costs of the proceedings.
On April 15, 2011, Defendant filed decli-natory and dilatory exceptions, which were later withdrawn, and an answer of general denial. Defendant alleged that Plaintiff *706 wrongfully allowed her card to exceed the credit limit without her authority and that she never authorized anyone to charge items to her account that would exceed her credit limit.
Plaintiff filed a motion for summary judgment (“MSJ”), a supporting memorandum, supporting affidavits and a supplemental memorandum on April 2, 2012. The original affidavit that was attached to the MSJ contains the testimony of Ms. Angela Zalewski and was signed on January 19, 2011. Plaintiffs supplemental affidavit of correctness contains the testimony of Ms. Kay White, an employee of Plaintiffs attorney’s firm, not of Plaintiff. The two affidavits introduced contain different total amounts owed by Defendant. Defendant filed a reply memorandum alleging that the affidavits | ¡^presented by Plaintiff were inadmissible as hearsay and that there were no accounting documents showing the debits and credits to her account. Defendant further alleged that the original affidavit (“the Zalewski affidavit”) was stale and that the information in the supplemental affidavit (“the White affidavit”) was compiled by an individual who had no personal knowledge of the events to which she attested. Defendant submitted an affidavit from her attorney stating that he had never received a “detailed statement of the mutual demands in the nature of debits and credits between the parties” as he had requested.
The MSJ hearing was set on June 20, 2012, but was continued because Plaintiffs counsel did not receive Defendant’s opposition, which had been filed only six days prior to that hearing. Defendant’s supplemental opposition to the MSJ, including the affidavit from her attorney, was filed on August 2, 2012, only four days before an August 6, 2012 hearing.
The trial court granted Plaintiffs motion for summary judgment based on Defendant’s failure to present countervailing affidavits. The judgment was signed on August 6, 2012.
DISCUSSION
Defendant claims that the trial court erred in granting Plaintiffs motion for summary judgment, asserting that summary judgment was not proper as there are genuine issues of material fact present, including the sufficiency of the evidence introduced, the validity of the affidavits and the lack of evidence corroborating the balance on the account.
| sA motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. Samaha v. Rau, 07-1726 (La.2/26/08), 977 So.2d 880; Amos v. Crouch, 46,456 (La.App.2d Cir.6/29/11), 71 So.3d 1053. Appellate courts review summary judgments de novo under the same criteria that govern a lower court’s consideration of whether summary judgment is appropriate. Jenkins v. Willis Knighton Medical Center, 43,254 (La.App.2d Cir.6/4/08), 986 So.2d 247. A court must grant a motion for summary judgment “if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966(B). A fact is material if its existence or nonexistence may be essential to the plaintiffs cause of action under the applicable theory of recovery. Amos v. Crouch, supra.
The moving party bears the burden of proof. However, the movant is not required to negate all essential elements of the adverse party’s claim and need only point out an absence of factual support for *707 one or more essential elements of the adverse party’s claim. If the adverse party then fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden at trial, there is no genuine issue of material fact and summary judgment is appropriate. La. C.C.P. art. 966(C)(2).
A prima facie case on an open account requires proof of the account by showing that the record of the account was kept in the course of business and by introducing supporting testimony regarding its accuracy. Once a | ¿prima facie case has been established by the creditor, the burden shifts to the debtor to prove the inaccuracy of the account or to prove the debtor is entitled to certain credits. CACV of Colorado, L.L.C. v. Spiehler, 09-151 (La.App.3d Cir.6/3/09), 11 So.3d 673. In Sears v. Richardson, 32,951 (La.App.2d Cir.4/5/00), 759 So.2d 190, the plaintiff’s counsel produced an affidavit of correctness of a Sears account which was executed by an employee of the plaintiffs counsel to prove the correctness of the account and to recover additional interest. The court found that the affidavit was insufficient, stating:
Allen’s affidavit indicates that she is responsible for the file as an employee of the collection attorney, not as a representative of Sears, and her statements concerning what Sears ‘indicated’ on September 16, 1998 are hearsay that would not be admissible at a trial on the merits.
The court stated that supporting and opposing affidavits on a summary judgment motion shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence and shall show affirmatively that the affiant is competent to testify to the matter stated therein.
In the case sub judice, the documents provided by Plaintiff identified the account holder and confirmed Defendant’s credit invitation bearing her signature and the applicable credit terms, but did not verify Defendant’s balance owed as there was no complete record of transactions and each affidavit stated a different amount owed. The Zalewski affidavit was dated January 19, 2011, and was used to certify documents and bills that were not created until several months after the signing of the affidavit. While Ms. Zalew-ski is arguably a very knowledgeable employee of Plaintiff, she |ficannot verify or attest to transactions that have not yet occurred. The question of which invoices, if any, were attached to the affidavit of correctness at the time of its signing creates an issue of material fact.
The White affidavit is inconsistent with the Zalewski affidavit and there is no explanation provided for the disparity in the amounts owed. Ms. White is not an employee of Plaintiff and, therefore, is not in a position to have actual knowledge of Plaintiff’s business practices and cannot verify whether documents or information were maintained properly in the course of business.
The trial court based its ruling on Defendant’s failure to provide countervailing affidavits. If a prima facie case had been presented by Plaintiff, that would have been a sufficient reason to grant the MSJ; but Plaintiff did not present a prima facie case and summary judgment was inappropriate as there are genuine issues of material fact to be examined. The affidavits presented by Plaintiff were unreliable and inconsistent and Plaintiff did not present evidence to show the purchases underlying the debt. A genuine issue of material fact exists in the evidentiary value of the affidavits, the correctness of the account, the accuracy of the amount claimed and the *708 existence of a detailed statement of mutual demands.
For the foregoing reasons, we find that this assignment of error has merit, and we reverse the trial court’s judgment granting the motion for summary judgment in favor of Plaintiff.
^CONCLUSION
The judgment of the trial court in favor of Plaintiff, Capital One Bank (USA) NA, granting the motion for summary judgment is reversed and this matter is remanded for further proceedings. Costs of this appeal are assessed to Capital One Bank (USA) NA.
REVERSED AND REMANDED.