GARRETT, J.
The defendant, Ernest J. Green, Jr., appeals from a summary judgment finding him liable for a credit card debt of almost $15,000. We affirm the trial court judgment.
FACTS
On December 19, 2016, Bank of America, N.A., as successor-in-interest of FIA Card Services, N.A., filed suit against the defendant, alleging that he owed $14,979.26 on a credit account. It also filed a request for admission of facts, asking the defendant to admit the account and the amount. The defendant filed an answer on January 5, 2017, in which he stated that he "admits having ... a card issued by MBNA that somehow evolved into another card. He further admits that he used the card and paid for goods and services." He otherwise denied the allegations of the petition and accused the plaintiff of "persistent unfair billing practices and unauthorized charges."
On June 30, 2017, the plaintiff filed a motion for summary judgment, and a hearing was set for August 23, 2017. In support of the motion, the plaintiff submitted an affidavit from its custodian of records, Melinda K. Stephenson. She explained that, following a merger, the plaintiff was the successor-in-interest of FIA Card Services, N.A., formerly known as MBNA America Bank, N.A. According to the regularly kept books and records of the business, the defendant opened an account with it or a predecessor-in-interest, failed to make periodic payments, and currently owed $14,979.26, as of the date of the affidavit, April 25, 2017. Attached to the affidavit were copies of the defendant's monthly statements from July/August 2015 *221 to July/August 2016, the application record, the agreement, and notices of changes to the account. The statements, which bore the defendant's name and matched the account number referenced in Ms. Stephenson's affidavit, show numerous purchases at a variety of businesses located in Monroe, West Monroe, and Sterlington, Louisiana. They included stores such as Family Dollar and Brookshire's, as well as restaurants like Wendy's and Waffle House.[1]
On August 15, 2017, the defendant filed an opposition in which he asserted that the claim was disputed; there was no evidence of a $13,000 plus charge listed on one of the account statements; and there were no documents submitted showing his use of a credit card for purchase of any goods or services. He submitted his own affidavit in which he asserted that the suit was "for a credit card account with charges I do not recognize." He specifically stated that there was a charge for $13,521.50, supposedly shown on February 24, 2016, and that he made no such charge or purchase.
A hearing on the motion for summary judgment was held on August 23, 2017. Counsel for the defendant argued that there was a disputed issue of material fact as to the alleged February 24, 2016 charge. However, when the trial court reviewed the charges on the record, no such charge was found.[2] Counsel for the defendant also repeatedly asserted that his client had not admitted using the credit card. However, the trial court pointed out that the defendant admitted in his answer having a card from MBNA which he used and that such constituted a judicial admission. Furthermore, the trial court noted the defendant's apparent failure to ever challenge the charges to the credit card company. At the conclusion of the hearing, the trial court granted summary judgment. That same day, the court signed a judgment awarding $14,979.26 and all costs in favor of the plaintiff.
The defendant appeals.
LAW
Appellate courts review motions for summary judgment de novo , using the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Peironnet v. Matador Res. Co. , 2012-2292 (La. 6/28/13), 144 So.3d 791.
The motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. Schultz v. Guoth , 2010-0343 (La. 1/19/11), 57 So.3d 1002. The procedure is favored and shall be construed to secure the just, speedy, and inexpensive determination of actions. La. C.C.P. art. 966(A)(2).
A motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3). The only documents that may be filed in support of or in opposition to the motion are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions. La. C.C.P. art. 966(A)(4) ;
*222 Chanler v. Jamestown Ins. Co. , 51,320 (La. App. 2 Cir. 5/17/17), 223 So.3d 614, writ denied , 17-01251 (La. 10/27/17), 228 So.3d 1230.
Any opposition to the motion and all documents in support of the opposition shall be filed and served in accordance with La. C.C.P. art. 1313not less than 15 days prior to the hearing on the motion. La. C.C.P. art. 966(B)(2).
The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. La. C.C.P. art. 966(D)(1).
The court may consider only those documents filed in support of or in opposition to the motion for summary judgment and shall consider any documents to which no objection is made. Any objection to a document shall be raised in a timely filed opposition or reply memorandum. The court shall consider all objections prior to rendering judgment. The court shall specifically state on the record or in writing which documents, if any, it held to be inadmissible or declined to consider. La. C.C.P. art. 966(D)(2).
Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. La. C.C.P. art. 967(A). When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him. La. C.C.P. art. 967(B).
In Louisiana, suits to collect credit card debt are treated as suits on an open account. Capital One Bank (USA), NA v. Sanches , 2013-0003 (La. App. 4 Cir. 6/12/13), 119 So.3d 870. A prima facie case on an open account requires proof of the account by showing that the record of the account was kept in the course of business and by introducing supporting testimony regarding its accuracy. Once a prima facie case has been established by the creditor, the burden shifts to the debtor to prove the inaccuracy of the account or to prove the debtor is entitled to certain credits. Midland Funding, LLC v. DelCorral , 2012-1492 (La. App. 4 Cir. 10/2/13), 126 So.3d 634 ; Capital One Bank (USA), NA v. Sanches , supra ; Capital One Bank (USA) NA v. Thompson , 47,994 (La. App. 2 Cir. 5/15/13), 115 So.3d 704.
Where business records are concerned, the courts have deemed La. C.C.P. art. 967 satisfied when the affiant is qualified to identify the business records as such. The affiant has not been required to show that he personally prepared the business records, or that he had direct, independent, firsthand knowledge of the contents thereof. Capital One Bank (USA), NA v. Sanches , supra ; Hibernia Nat. Bank v. Rivera , 07-962 (La. App. 5 Cir. 9/30/08), 996 So.2d 534 ; Delcambre v. Price , 99-0223 (La. App. 4 Cir. 3/24/99), 738 So.2d 593.
*223 A judicial confession is a declaration made by a party in a judicial proceeding. That confession constitutes full proof against the party who made it. La. C.C. art. 1853. An admission made in an answer also falls within the ambit of La. C.C. art. 1853. LeCompte v. Cont'l Cas. Co. , 2016-1359 (La. App. 1 Cir. 7/12/17), 224 So.3d 1005, writ denied , 17-1525 (La. 12/15/17), 231 So.3d 635. However, when a judicial confession is made in a party's answer to a petition, it must be an express acknowledgment to an adverse fact. Norwel Equip. Co. P'ship v. Hardy , 2000-00934 (La. App. 3 Cir. 12/6/00), 773 So.2d 905.
DISCUSSION
The defendant argues before us that Ms. Stephenson's affidavit is insufficient under La. C.C.P. art. 967 and the "business records" hearsay exception set forth in La. C.E. art. 803(6). He alleges that the affidavit fails to demonstrate that she was an officer and had personal knowledge of the facts.[3] The defendant also contends that the documentation fails to authenticate his alleged indebtedness, citing Capital One Bank (USA), NA v. Sanches , supra . We find no merit to the defendant's arguments.
Our examination of the documents supporting the plaintiff's motion for summary judgment reveals that they are sufficient to establish a prima facie case that the defendant owed the credit card debt to the plaintiff. In her affidavit, Ms. Stephenson attested that she was a custodian of records, authorized officer and employee of the plaintiff. Because of the scope of her job responsibilities, she stated that she was familiar with the manner and method by which the plaintiff maintained its normal business books and records, including computer records of defaulted accounts. She recited the history by which the plaintiff became successor-in-interest to FIA Card Services, N.A., formerly known as MBNA America Bank, N.A. She attested that the contents of the affidavit were true and correct based upon her personal knowledge of the processes by which the plaintiff maintained its business book and records. She then recounted the facts surrounding the defendant's debt of $14,979.26 and certified the correctness of the attached statements. She stated that the account charged off on August 31, 2016. We find that her affidavit was proper in all respects, including her recitation of her personal knowledge of her employer's business records. See Midland Funding, LLC v. Urrutia , 13-459 (La. App. 5 Cir. 12/19/13), 131 So.3d 474 ; Hibernia Nat. Bank v. Rivera , supra .
We distinguish the instant matter from Capital One Bank (USA), NA v. Sanches , supra . In that case, the affidavit submitted and principally relied upon in support of the bank's motion for summary judgment was by a bank litigation support representative who did not state that he was a custodian of the records or otherwise qualified to inform the court what the records showed, based on personal knowledge. Additionally, the affidavit stated that the bank had provided counsel with "certain documents from its books and records," which were attached to his affidavit by counsel and which were not named or otherwise identified within his affidavit. These shortcomings are not present in the instant case.
In his answer, the defendant admitted having an MBNA card that "somehow evolved into another card." He further admitted *224 using the card and paying for goods and services with it. In his opposition, he disputed a "charge for $13,521.50 shown on February 24, 2016."[4] However, the record reveals that there was no such charge. The card statements supporting the motion for summary judgment covered the period from July/August 2015 to July/August 2016. They show that the credit card was used for various purchases and that the last payment was made in January 2016.
The defendant also asserts that the trial court erred because it drew inferences in favor of the movant, not the party opposed to the motion for summary judgment. However, it is unclear what "inferences" he is asserting.
In view of the evidence presented by the plaintiff establishing a prima facie case and the defendant's own judicial admissions in his answer, followed by the defendant's failure to establish a disputed issue of material fact once the burden of proof shifted to him, we find that summary judgment is appropriate in the instant case. Accordingly, we affirm the trial court's decision granting the plaintiff's motion for summary judgment.
CONCLUSION
The trial court judgment granting the motion for summary judgment filed by the plaintiff, Bank of America, N.A., is affirmed. Costs of this appeal are assessed to the defendant, Ernest J. Green, Jr.
AFFIRMED.

We note that the statements were addressed to the defendant at a Monroe address until April 2016. Thereafter, they were addressed to the defendant and his trial counsel at the address for the attorney's Monroe law office.

Review of the record reveals that $13,521.50 was actually the balance subject to interest rate shown on the defendant's Bank of America credit card statement for February 24-March 23, 2016, under the heading "Interest Charge Calculation."

None of these arguments were raised below in the opposition to the motion for summary judgment or a reply memorandum. Nevertheless, we will consider them in our de novo review.

The plaintiff asserts that the opposition, which was filed only a week before the hearing, was untimely under La. C.C.P. art. 966(B)(2) and should not have been considered. However, the movant made no objection to its consideration at the hearing. Furthermore, like the trial court, we find the matters raised in the opposition to be meritless.