GARRETT, J.
The defendants, River Valley Foods, LLC ("RVF") and Leon S. Miletello, Jr., appeal from the trial court's grant of summary judgment in favor of the plaintiff, Doerle Food Services, LLC ("Doerle"), in a suit on an open account. For the following reasons, we affirm in part, amend in part, and as amended, affirm the trial court judgment.
FACTS
Doerle is a food services provider. On April 22, 2012, RVF entered into an open account credit agreement with Doerle for the purchase of merchandise. The agreement lists Miletello as the principal owner of RVF. The open account credit agreement stated, in pertinent part:
WE HEREBY MAKE APPLICATION FOR CREDIT TO DOERLE FOOD SERVICES, LLC. IF CREDIT IS GRANTED, WE AGREE TO PAY ALL BILLS WITH THE STATED TERMS OF SALE. WE AGREE TO PAY A SERVICE CHARGE OF $ 25.00 FOR ANY CHECKS RETURNED FROM OUR BANK UNPAID FOR ANY REASON. ADDITIONALLY, WE UNDERSTAND THAT A SERVICE CHARGE MAY BE ASSESSED ON ANY UNPAID BALANCE EQUAL TO THE MAXIMUM INTEREST RATE ALLOWED BY LAW. WE ALSO AGREE TO PAY REASONABLE COLLECTION FEES SHOULD IT BECOME NECESSARY THAT A COLLECTION AGENCY BE RETAINED TO SECURE PAYMENT FOR MERCHANDISE RECEIVED AND FOR WHICH PAYMENT IS NOT MADE WITH THE STATED TERMS OF THE SALE. SHOULD AN ATTORNEY BE EMPLOYED TO SECURE PAYMENT FOR MERCHANDISE RECEIVED, WE WILL BE LIABLE FOR ALL EXPENSES INCLUDING ATTORNEY FEES AT THE RATE OF 25% AND ALL COURT COSTS INCURRED BY DOERLE FOODS, LLC. WE AGREE NOT TO TRANSFER OR ASSIGN THIS AGREEMENT WITHOUT THE PRIOR
*659 WRITTEN CONSENT OF DOERLE FOOD SERVICES, LLC.
On May 23, 2012, Miletello executed a continuing guaranty agreement specifying that he unconditionally guaranteed the full and prompt payment for any and all present or future indebtedness owed to Doerle by RVF.
On August 10, 2015, Doerle filed suit on open account, guaranty, and breach of contract against RVF and Miletello, claiming that from June 2013 to April 2015, Doerle provided merchandise to RVF and the defendants failed to pay, therefore they were liable to Doerle for $ 72,308.93, interest of 18% per annum from the date of delivery, costs, and attorney fees of 25%.[1]
On February 2, 2017, the defendants answered the petition, denying Doerle's allegations and claiming that they made payments which were not properly applied to the account.
On July 10, 2017, Doerle filed a motion for summary judgment, claiming the defendants owed $ 72,308.93, together with contractual interest at the rate of 12% per annum from the date of delivery until paid, attorney fees of 25% of the outstanding balance, costs, and judicial interest. Doerle claimed that formal demand for the correct amounts due had been made upon the defendants by citation and service of process in accordance with La. R.S. 9:2781(C), and the defendants failed to pay the amounts due within 30 days of the demand for payment. Doerle also noted that the defendants failed to respond to any requests for discovery. According to Doerle, there were no genuine issues of material fact as to the amounts due by the defendants.
In support of the motion, Doerle filed the open account credit agreement and personal guarantee, invoices and statements for merchandise and supplies provided to RVF, documents regarding waiver of service by the defendants, and the discovery requests propounded on April 12, 2016. Also attached was the affidavit of Georgette Romero. She stated that she is the accounting and credit manager for Doerle and her statements in the affidavit were based on her personal knowledge. She averred that her duties included managing open accounts, setting up new accounts, preparing and sending invoices, and obtaining payment for outstanding accounts. She stated that RVF entered into an open account credit agreement with Doerle, secured by the personal guarantee of Miletello. Services were rendered to RVF from April 2013 to April 2015. Romero attached invoices showing that RVF had an outstanding balance of $ 72,308.93, which was in default and the defendants had not disputed the amounts owed.
On October 6, 2017, the defendants filed an opposition to the motion for summary judgment in which they claimed that $ 20,000 to $ 25,000 in payments made by RVF were not credited to the account. They answered the request for admissions and provided the affidavit of Miletello stating that he examined the payment records for RVF and disputed the amount claimed by Doerle. He claimed there were payments by checks and credit cards of $ 20,000 to $ 25,000 that were not credited by Doerle. He stated that he believed that "additional payments may have been made to plaintiff on the account that have not been credited to that account and if any amounts at all are owed, it is significantly less than that claimed by the plaintiff."
*660 The defendants also attached the affidavit of Piper Griffis, an employee of RVF, who said she attempted to reconstruct the records of RVF and compared them to the Doerle invoices. She stated that there were $ 20,000 to $ 25,000 in check and credit card payments made to Doerle that were not credited on the account. She said that she believed additional payments had also been made and not credited. The defendants did not file any documents or other evidence to substantiate and support the statements made in their affidavits.
The parties appeared before the court for a hearing on the motion on October 9, 2017. Doerle noted that the opposition to the motion had been filed on Friday before the court appearance on Monday, and objected that the opposition was untimely. Doerle also pointed out that the defendants provided no support for the statements made in their affidavits. At the urging of the trial court, the parties agreed to hold the record open for a limited time to allow the defendants to provide support. The trial court noted that the hearing conducted on that date would be regarded as an "on the record status conference." The defendants were given until October 20, 2017, to provide documentation.
On January 5, 2018, the parties again appeared in court for a hearing on the motion for summary judgment. Doerle noted that the defendants furnished to them some spreadsheets that were not filed into the record. Doerle did not find that the documents proved that the payments claimed by the defendants had been made. The defendants' attorney stated that he thought the court ordered him to produce the information to Doerle; he admitted that he did not file the documentation into the record.[2] Doerle pointed out that the debt in this matter had been accruing for approximately four years. The trial court took the matter under advisement and later issued an order by a minute entry granting the motion in favor of Doerle.
On January 31, 2018, the trial court signed a judgment prepared by Doerle in favor of the plaintiff, ordering the defendants to pay the principal sum of $ 72,308.93; contractual interest at a rate of 18% per annum from the date of delivery, totaling $ 51,849.11; attorney fees at a rate of 25% of the outstanding principal balance, totaling $ 18,077.23; judicial interest from the date of judicial demand, totaling $ 7,290.82; and costs.
On February 9, 2018, the defendants filed a motion for new trial, claiming the summary judgment was improperly granted because the "pleadings, evidence, and affidavits of record" show that there are genuine issues of material fact and Doerle was not entitled to judgment as a matter of law.
The hearing on the motion for new trial was held on May 22, 2018. The defendants contended that the competing affidavits filed by the parties created a genuine issue of material fact and, in granting summary judgment in favor of Doerle, the trial court made a credibility call between the affidavits, which was not proper on a motion for summary judgment. Doerle pointed out that the defendants filed self-serving, unsupported affidavits. The documentation they claimed created an issue as to the amount owed was never filed, and there *661 was nothing in the record to support the affidavits. The trial court denied the motion for new trial. The defendants appealed.
SUMMARY JUDGMENT AND NEW TRIAL
On appeal, the defendants argue that the trial court erred in granting summary judgment in this matter because there were contradictory affidavits creating genuine issues of material fact, the trial court improperly made credibility determinations in evaluating the affidavits, and the affidavit of Doerle's accounting and credit manager was deficient because it did not specify that the supporting records were kept in the normal course of business. The defendants also contend that the trial court erred in denying their motion for new trial. These arguments are without merit.
Legal Principles
Appellate courts review motions for summary judgment de novo , using the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Peironnet v. Matador Res. Co. , 2012-2292 (La. 6/28/13), 144 So. 3d 791.
The motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. Schultz v. Guoth , 2010-0343 (La. 1/19/11), 57 So. 3d 1002. The procedure is favored and shall be construed to secure the just, speedy, and inexpensive determination of actions. La. C.C.P. art. 966(A)(2).
A motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3). The only documents that may be filed in support of or in opposition to the motion are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions. La. C.C.P. art. 966(A)(4) ; Chanler v. Jamestown Ins. Co. , 51,320 (La. App. 2 Cir. 5/17/17), 223 So. 3d 614, writ denied , 17-01251 (La. 10/27/17), 228 So. 3d 1230 ; Bank of Am., N.A. v. Green , 52,044 (La. App. 2 Cir. 5/23/18), 249 So. 3d 219.
Any opposition to the motion and all documents in support of the opposition shall be filed and served in accordance with La. C.C.P. art. 1313 not less than 15 days prior to the hearing on the motion. La. C.C.P. art. 966(B)(2).
The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. La. C.C.P. art. 966(D)(1).
The court may consider only those documents filed in support of or in opposition to the motion for summary judgment and shall consider any documents to which no objection is made. Any objection to a document shall be raised in a timely filed opposition or reply memorandum. The court shall consider all objections prior to rendering judgment. The court shall specifically state on the record or in writing which documents, if any, it held to be *662 inadmissible or declined to consider. La. C.C.P. art. 966(D)(2).
Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. La. C.C.P. art. 967(A). When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him. La. C.C.P. art. 967(B) ; Bank of Am., N.A. v. Green , supra .
Regarding open accounts, La. R.S. 9:2781 provides, in pertinent part:
A. When any person fails to pay an open account within thirty days after the claimant sends written demand therefor correctly setting forth the amount owed, that person shall be liable to the claimant for reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant. Citation and service of a petition shall be deemed written demand for the purpose of this Section. If the claimant and his attorney have expressly agreed that the debtor shall be liable for the claimant's attorney fees in a fixed or determinable amount, the claimant is entitled to that amount when judgment on the claim is rendered in favor of the claimant. Receipt of written demand by the person is not required.
....
D. For the purposes of this Section and Code of Civil Procedure Articles 1702 and 4916, "open account" includes any account for which a part or all of the balance is past due, whether or not the account reflects one or more transactions and whether or not at the time of contracting the parties expected future transactions[.]
Any account which fits the definition of an open account fits within the ambit of the statute. Frey Plumbing Co., Inc. v. Foster , 2007-1091 (La. 2/26/08), 996 So. 2d 969 ; Monsanto Co. v. KT Farms P'ship through Aymond , 51,740 (La. App. 2 Cir. 11/15/17), 245 So. 3d 191. An open account is analogous to a credit account. Inherent in the concept of an open account is that the amount is for services or goods rendered. Monsanto Co. v. KT Farms P'ship through Aymond , supra .
The plaintiff in an action on an open account must prove his claim by a preponderance of the evidence. To prove his prima facie case, the plaintiff must show that a record of the account was kept in the course of business and introduce evidence supporting its accuracy. Once a prima facie case has been established by the creditor, the burden shifts to the debtor to prove the inaccuracy of the account or to prove the debtor is entitled to certain credits. Bank of Am., N.A. v. Green , supra ; Capital One Bank (USA) NA v. Thompson , 47,994 (La. App. 2 Cir. 5/15/13), 115 So. 3d 704. Attorney fees are not allowed except where authorized by statute or contract. The portion of La. R.S. 9:2781 allowing for attorney fees is penal in nature and is to be strictly construed. Monsanto Co. v. KT Farms P'ship through Aymond , supra .
Discussion
The defendants argue that the contradictory affidavits submitted by the parties in this matter created a genuine issue of material fact as to the amount *663 owed. They also urge that the trial court made an impermissible credibility determination in evaluating the affidavits. As discussed below, we do not find that the unsupported affidavits submitted by the defendants established a genuine issue of material fact. No credibility determination was made by the trial court.
The defendants contend that the affidavit of Romero, Doerle's accounting and credit manager, was deficient because it did not specify that the supporting records attached to it were kept in the normal course of business. The defendants did not raise any objections in the court below as to the sufficiency of the affidavit, as required by La. C.C. art. 966(D)(2). Arguably, this objection is not properly before us. However, our de novo review of the record does not support the argument that the affidavit is deficient or that Doerle failed to make a prima facie case of entitlement to payment on the open account.
Romero stated that she was responsible for setting up open accounts, preparing invoices, and securing payment for open accounts. She was qualified to identify the business records and she personally prepared the invoices. She attached invoices which she prepared in the course of business between Doerle and the defendants. The invoices showed that the defendants had not paid for services and showed the exact amount that was past due. This was sufficient to prove a prima facie case for entitlement to payment on this open account.
The burden then shifted to the defendants to prove the inaccuracy of the account or entitlement to certain credits. They provided only two self-serving affidavits which were unsupported by any documentary evidence. Although Miletello and Griffis stated in their affidavits that uncredited payments were made by check and credit card, they failed to furnish the supporting proof of these claims. The documents they claimed supported their affidavits were given to Doerle, but were not attached to the affidavits or filed into the record. Therefore, these documents were not before the trial court or this court for review. The defendants did not satisfy their burden of proof to produce factual support sufficient to establish the existence of a genuine issue of material fact or to show that Doerle is not entitled to summary judgment as a matter of law.
The record does not show that the trial court made an impermissible credibility determination regarding the weight to be given to the parties' affidavits. Romero's affidavit, filed by Doerle, was supported by unrefuted documentary evidence and the defendants' affidavits were unsupported. Under our de novo review of the record, we find that summary judgment in favor of Doerle was appropriate.[3] Because we find that Doerle is entitled to summary judgment, we also conclude that the trial court did not err in denying the defendants' motion for a new trial.
INTEREST
Although we find that the granting of summary judgment was appropriate, in our de novo review, we note an error in the amount of interest awarded in the trial court judgment which requires amendment. In the open account credit agreement, *664 the text of which is set forth above, the parties did not agree to a specific rate of interest to be charged in the event of default on the payment of the debt. The agreement specifies that "Additionally we understand that a service charge may be assessed on any unpaid balance equal to the maximum interest rate allowed by law." We note that some of the invoices submitted in support of the motion for summary judgment state that "A finance charge of 1½% per month will be added to all Accounts 30 days old, which is an ANNUAL PERCENTAGE RATE of 18% applied to the PREVIOUS BALANCE." Other invoices state that "An Annual Percentage Rate of 18% will be charged on all past due accounts." However, this was not part of the open account credit agreement and there is no showing that the defendants agreed to this amount of interest.
Doerle also seemed unsure of the rate of interest applicable in this case.[4] In its original petition, it sought to recover the amount due on the defendants' open account and guaranty agreement along with "interest of 18% per annum from the date of delivery," along with costs and attorney fees. However, in its motion for summary judgment, Doerle prayed for contractual interest in the amount of "12% per annum from the date of delivery until paid, and judicial interest."[5] Doerle even cited La. C.C. art. 2000, acknowledging that the applicable interest rate was 12% per annum. The trial court judgment awarded Doerle contractual interest at a rate of 18% per annum, totaling $ 51,849.11, and judicial interest from the date of judicial demand, totaling $ 7,290.82. Because we find the trial court erred in awarding 18% interest per annum, along with judicial interest, we amend the trial court judgment for the following reasons.
Legal Principles
The appellate court shall render any judgment that is just, legal, and proper upon the record on appeal. La. C.C.P. art. 2164 ; Monsanto Co. v. KT Farms P'ship through Aymond , supra . The court shall award interest in the judgment as prayed for or as provided by law. La. C.C.P. art. 1921.
An obligor is liable for the damages caused by his failure to perform a conventional obligation. A failure to perform results from nonperformance, defective performance, or delay in performance. La. C.C. art. 1994. Damages are measured by the loss sustained by the obligee and the profit of which he has been deprived. La. C.C. art. 1995.
When the object of the performance is a sum of money, damages for delay in performance are measured by the interest on that sum from the time it is due, at the rate agreed by the parties or, in the absence of agreement, at the rate of legal interest, as fixed by La. R.S. 9:3500. See La. C.C. art. 2000 ; Monsanto Co. v. KT Farms P'ship through Aymond , supra .
La. R.S. 9:3500 provides, in pertinent part:
A. Interest is either legal or conventional.
B. Legal interest is fixed at the following rates, to wit:
(1) At the rate fixed in R.S. 13:4202 on all sums which are the object of a judicial demand, whence this is called judicial interest[.]
C. (1) The amount of the conventional interest cannot exceed twelve percent per annum. The same must be fixed in *665 writing; testimonial proof of it is not admitted in any case.
Judicial interest is set by La. R.S. 13:4202, which fluctuates on an annual basis.[6]
Discussion
In this matter, the open account credit agreement between the parties is not subject to the Louisiana Consumer Credit Law, which provides for higher interest rates than those set forth in La. C.C. art. 2000. See La. R.S. 9:3512. The agreement here allowed for a service charge on unpaid balances "equal to the maximum interest rate allowed by law." Although a specific percentage rate was not stated, because there was some agreement regarding interest, we find that the 12% conventional interest rate set for in La. C.C. art. 2000 is applicable here.[7] As noted above, Doerle acknowledged in its motion for summary judgment that La. C.C. art. 2000 was applicable. We amend the trial court judgment to provide for an interest rate of 12% from the date the debt is due.
We also find that trial court erred in awarding both "contractual" interest and judicial interest. There is no applicable legal precept which allows the award of judicial interest in addition to the interest allowed by La. C.C. art. 2000. See Heritage Worldwide, Inc. v. Jimmy Swaggart Ministries , 95-0484 (La. App. 1 Cir. 11/16/95), 665 So. 2d 523, writ denied , 96-0415 (La. 3/29/96), 670 So. 2d 1233 ; Ken's Construction Co., Inc. v. Liles , 560 So. 2d 103 (La. App. 3 Cir. 1990). La. C.C. art. 2001 provides that interest on accrued interest may be recovered as damages only when it is added to the principal by a new agreement of the parties made after the interest has accrued. Accordingly, we amend the judgment to vacate the award of judicial interest.
CONCLUSION
For the reasons stated above, we affirm the granting of summary judgment in favor of the plaintiff, Doerle Foods, LLC, against the defendants, River Valley Foods, LLC, and Leon S. Miletello, Jr., as guarantor, for the principal sum of $ 72,308.93, attorney fees at a rate of 25% of the outstanding balance, totaling $ 18,077.23, and costs in the lower court. We amend the judgment to provide that *666 Doerle is entitled to interest in the amount of 12% per annum from the date the debt is due. We also amend the judgment to vacate and delete the award of judicial interest. Costs in this court are assessed to the defendants.
AFFIRMED IN PART; AMENDED IN PART; AFFIRMED AS AMENDED.
APPLICATION FOR REHEARING
Before Felicia Toney Williams, Daniel Milton Moore III, Jeanette Giddens Garrett - Writing, Shonda D. Stone, and Jay Bowen McCallum
Rehearing denied.

The suit was originally filed in Caddo Parish. By consent judgment, signed on October 24, 2016, the suit was transferred to Ouachita Parish.

On December 29, 2017, Doerle filed a supplemental response to the opposition to the motion for summary judgment, arguing that the response to the request for admissions was untimely. The response also contained a new affidavit from Romero addressing the documentation provided by the defendants and concluding that it did not show that the defendants made any payments which were not credited to the account. This response was withdrawn at the January 2018 hearing and is not before us.

The defendants note in their brief that, although untimely, they eventually answered and denied Doerle's request for admission of facts. They argue that if, in granting summary judgment, the trial court relied upon or considered the request for admissions of fact, it did so improperly. The record does not show that the trial court considered the request for admissions of fact in granting summary judgment in favor of Doerle. Further, this court has not considered the request for admissions of fact in our de novo review of this matter.

Romero's affidavit did not address the rate of interest or the method of calculation.

In both instances, Doerle also requested attorney fees of 25% and costs.

La. R. S. 13:4202 provides, in pertinent part:
B. (1) On and after January 1, 2002, the rate shall be equal to the rate as published annually, as set forth below, by the commissioner of financial institutions. The commissioner of financial institutions shall ascertain, on the first business day of October of each year, the Federal Reserve Board of Governors approved "discount rate" published daily in the Wall Street Journal. The effective judicial interest rate for the calendar year following the calculation date shall be three and one-quarter percentage points above the discount rate as ascertained by the commissioner.
(2) The judicial interest rate for the calendar year following the calculation date shall be published in the December issue of the Louisiana Bar Journal, the December issue of the Louisiana Register, and in one newspaper of general circulation in each of the cities of Alexandria, Baton Rouge, Lake Charles, Lafayette, Monroe, New Orleans, and Shreveport. The notice in such newspapers shall be published on two separate occasions, with at least one week between publications, during the month of December. The publication in the Louisiana Register shall not be considered rulemaking, within the intendment of the Administrative Procedure Act, R.S. 49:950 et seq., and particularly R.S. 49:953.

This matter is distinguishable from Monsanto Co. v. KT Farms P'ship through Aymond , supra , in which there was no agreement regarding interest. Therefore, under La. C.C. art. 2000, the appropriate rate of interest in Monsanto was the rate of legal interest fixed by La. R.S. 9:3500.