NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 21-635

MIDLAND CREDIT MANAGEMENT, INC.

VERSUS

AFRICA L. ARCENEAUX

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20202657
HONORABLE THOMAS J. FREDERICK, DISTRICT JUDGE

**********

BILLY HOWARD EZELL
JUDGE

**********

Court composed of Billy Howard Ezell, Van H. Kyzar, and Candyce G. Perret, Judges.

AFFIRMED.

**Michael L. Lancaster**
**Adam R. Deniger**
**Eaton Group Attorneys**
**309 North Blvd**
**Baton Rouge, LA 70801**
**(225) 378-3159**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Midland Credit Management, Inc.**

**Africa L. Arceneaux**
**In Proper Person**
**121 D. Arceneaux Rd.**
**Scott, LA 70583**
**(337) 501-3337**

**EZELL, Judge.**

Africa Arceneaux appeals a trial court judgment granting summary judgment in favor of Midland Credit Management, Inc., finding that she owed money for credit card debt in the amount of $2,337.17 together with 5.75% interest from date of judgment. For the following reasons, we affirm the trial court judgment.

## FACTS AND PROCEDURAL HISTORY

Ms. Arceneaux applied for and received a Bergdorf Goodman credit card issued by Capital One, National Association. Ms. Arceneaux made several payments and received some refunds for items returned. She eventually defaulted on the account. On June 17, 2019, the account was sold to Midland Credit Management, Inc. On May 27, 2020, Midland filed suit against Ms. Arceneaux requesting the balance due of $2,337.17 together with 5.75% interest from date of judgment.

On October 26, 2020, Midland filed a motion for summary judgment. At the hearing, Ms. Arceneaux disputed the amount of the claim arguing that she had returned items but not received credit for them. The motion for summary judgment was denied.

Midland filed a second motion for summary judgment on July 19, 2021. A hearing on the second motion was held on August 9, 2021. Summary judgment was granted, and a judgment in favor of Midland and against Ms. Arceneaux was signed on August 9, 2021, in the amount of $2,337.17 together with 5.75% interest from the date of judgment. Ms. Arceneaux then filed the present appeal.

## SUMMARY JUDGMENT

Summary judgment procedure is favored and "is designed to secure the just, speedy, and inexpensive determination of every action . . . . and shall be construed

to accomplish these ends." La.Code Civ.P. art. 966(A)(2). In reviewing the trial court's decision on a motion for summary judgment, this court applies a de novo standard of review. *Jackson v. City of New Orleans*, 12-2742, 12-2743 (La. 1/28/14), 144 So.3d 876, *cert. denied*, 574 U.S. 869, 135 S.Ct. 197 (2014).

The burden of proof is on the mover unless the mover will not bear the burden of proof at trial, in which case the mover is not required to negate all essential elements of the adverse party's claim, but only to point out to the court the absence of factual support for one or more of the elements necessary to the adverse party's claim. La.Code Civ.P. art. 966(D)(1). "The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law." *Id.*

"After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(A)(3).

> A fact is material if it potentially ensures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. A genuine issue of material fact is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate.

*Jackson*, 144 So.3d at 882.

> In Louisiana, suits to collect credit card debt are treated as suits on an open account. A *prima facie* case on an open account requires proof of the account by showing that the record of the account was kept in the course of business and by introducing supporting testimony regarding its accuracy. Once a *prima facie* case has been established by the creditor, the burden shifts to the debtor to prove the inaccuracy of the account or to prove the debtor is entitled to certain credits.

*Bank of America, N. A. v. Green*, 52,044, p. 5 (La.App. 2 Cir. 5/23/18), 249 So.3d 219, 222 (citations omitted).

Ms. Arceneaux does not dispute that she was issued the Bergdorf Goodman credit card by Capital One. Ms. Arceneaux's assignments of error on appeal concern the right of Midland to collect on the debt and the amount it claims it is owed. She argues that she does not have a contract with Midland. She further argues that the calculation of what is owed is not correct. Ms. Arceneaux contends that the trial court erred in allowing Midland to admit its exhibits and not allowing her to submit her exhibit. She argues that the affidavit Midland introduced in support of the documentary evidence was not sufficient to establish the reliability of the exhibits.

The affidavit of Taylor Madison declared that she is employed as a legal specialist by Midland and has access to and personal knowledge of its pertinent records. She stated that Midland was assigned the rights and title to Ms. Arceneaux's account with Capital One. Ms. Madison attested that she was familiar with and trained in the manner that Midland creates and maintains its business records in the regular course of business and that the attached documents were true and correct copies of the originals. The records submitted indicate that Ms. Arceneaux owed a total of $2,337.17 as of March 18, 2020, subject to no credits.

As in *Bank of America, N. A. v. Green*, 249 So.3d 219, we find that the affidavit of Ms. Madison meets the necessary requirements in that it was made on personal knowledge and established that she was competent to testify about the attached documents. La.Code Civ.P. art. 967.

Specifically attached to the affidavit was an additional affidavit by James R. Lane, vice president of Capital One. He stated that he was personally aware of the

sale and assignment of a pool of charged-off accounts to Midland on June 11, 2019. He stated that the records kept in the ordinary course of business of the individual accounts were transferred to Midland and that he was not aware of any errors in the accounts. The bill of sale from Capital One to Midland was also included in the documents.

Also attached to Ms. Madison's affidavit was a letter from Capital One dated June 11, 2019, informing Ms. Arceneaux that Midland had acquired her credit card debt in the amount of $2,337.17, in addition to Midland's contact information. Another letter sent by Midland to Ms. Arceneaux on July 17, 2019, was also attached to the affidavit. This letter informed Ms. Arceneaux that Midland was now the owner of her debt, totaling $2,337.17, and asked her to call by August 31, 2019, to resolve the matter. Credit card statements of Ms. Arceneaux's account showing purchases, payments, and credits from July 2018 to May 2019 were also attached to the affidavit, indicating a final balance in the amount of $2,337.17.

We find that Midland established a prima facie case that it bought Ms. Arceneaux's account from Capital One and was the successor in interest to Ms. Arceneaux's unpaid account. Midland further established that Ms. Arceneaux still owed $2,337.17 at the time of purchase of the account.

Ms. Arceneaux claims that she returned items to the store and never received credit for them. She argues that the trial court erred in not allowing her to introduce into evidence a letter she allegedly wrote on November 8, 2018, that purportedly established she returned some body cream that was purchased in the amount of $85.00.

We first observe that there is no indication that this letter was properly stamped or was even received by the store. Therefore, there is no presumption that

4

the letter was ever received. *McWilliams v. Reith*, 149 La. 298, 88 So. 913 (1921); *Otterman v. Ganus*, 455 So.2d 1385 (La.1984). Even if we were to accept this letter as evidence, we do not find that it establishes Ms. Arceneaux is entitled to a credit of $85.00. We do see where Ms. Arceneaux received a credit for an item she returned that was purchased at the same time as the body cream. However, there is no indication that she followed up with the store about the returned items in the next seven months, before her account was sold to Midland, establishing her right to a credit. We find that Ms. Arceneaux failed to establish a question of fact as to the amount she is indebted to Midland, which was shown to be in the amount of $2,337.17.

For the reasons set forth in this opinion, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Africa Arceneaux.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.