PER CURIAM.
| ,We reverse the ruling of the court of appeal and reinstate the trial court’s judg *445 ment, granting St. Paul’s Motion for Summary Judgment, for the reasons assigned by Chief Judge Henry N. Brown in his dissent:
Finding no material issues of fact, the trial court granted defendant’s motion for summary judgment. Plaintiffs appealed. The submissions in support of the MSJ [“Motion for Summary Judgment”] without question prove a valid rejection of UMBI coverage. The sole basis of plaintiffs’ case is that the official minutes for the BPPJ [“Bossier Parish Police Jury”]for the years 1995 through 2007 do not show the passage of a specific resolution authorizing William Alti-mus, or any other legal representative, to negotiate terms of coverage or execute any documents for the purchase of automobile liability insurance with St. Paul on behalf of the BPPJ, including UM coverage. That is their case. Defendant even admits that there are no minutes or express written authorization for Altimus to execute the liability insurance documents on behalf of the police jury. Thus, there are no material issues of fact and this matter should be an up or down vote.
In Stewart v. Edwards, 34,435 (La. App.2d Cir.04/04/01), 784 So.2d 740, this court held that a corporate executive’s authority to reject UM coverage may be established explicitly or implicitly. Specifically, we found that the affidavit testimony of the executive officer acknowledging his signature on the rejection form and his authority to execute such a form was sufficient proof of his authorization. In the case sub judice, Altimus’s deposition, as well as the affidavit and deposition of the BPPJ’s president, stated that Altimus was authorized to reject UMBI coverage and sign the appropriate form. Plaintiffs | presented nothing to dispute this evidence.
[[Image here]]
It is clear that the BPPJ agreed to obtain insurance from St. Paul and renewed that policy yearly thereafter. The BPPJ met each year and approved the payment of the insurance bill. Alti-mus, who was both the administrator and an elected member of the police jury, signed the necessary documents each year, including the rejection of UMBI coverage.
La. R.S. 22:1295(1)(a)(ii), which governs the issuance of uninsured motorist coverage in Louisiana, provides, in part:
The form signed by the insured or his legal representative which initially rejects coverage, selects lower limits, or selects economic-only coverage shall remain valid for the life of the policy and shall not require the completion of a new selection form when a renewal, reinstatement, substitute, or amended policy is issued to the same named insured by the same insurer or any of its affiliates.... (Emphasis added).
* * *
Contrary to plaintiffs’ argument, the minutes of the BPPJ demonstrate that the police jury did agree to obtain insurance coverage from St. Paul, which in fact rejected UMBI coverage. Each year they reviewed the cost and paid the bill. Equally obvious' was that Altimus was authorized to execute the necessary documents.
A motion for summary judgment shall be granted if “the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966(B). Appellate courts review summary judgments de novo under the same criteria that gov *446 ern the district court’s consideration of whether summary judgment is appropriate. NAB Natural Resources, L.L.C. v. Willamette Industries, Inc., 28,555 (La.App.2d Cir.08/21/96), 679 So.2d 477.
See Gunter v. State Farm Mut. Auto. Ins. Co., 86 So.3d 716 (La.App. 2 Cir.2012).
KNOLL, J., dissents and would deny the writ.